IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KUULEIALOHA KENNEDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commission of Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil No. 20-00412 LEK-KJM <br><br> FINDINGS AND <br> RECOMMENDATION TO GRANT <br> PETITION FOR 406(B) FEES |

FINDINGS AND RECOMMENDATION
TO GRANT PETITION FOR 406(B) FEES

On August 7, 2023, counsel for Plaintiff Kuuleialoha Kennedy ("Plaintiff"), Katherine Siegfried, Esq., ("Counsel") filed a Petition for 406(b) Fees ("Petition"). ECF No. 37.  On August 8, 2023, Defendant Kilolo Kijakazi ("Defendant") filed a Statement of No Position on the Petition.  ECF No. 39.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully reviewing the filings and the record in this case, the Court FINDS and RECOMMENDS that the district court GRANT the Petition.

1

## BACKGROUND

This matter arises from Plaintiff's appeal of the Social Security Administration ("SSA") Commissioner's denial of Social Security disability insurance benefits to Plaintiff. On February 24, 2022, the district court issued an Order: Granting in Part and Denying in Part Plaintiff's Appeal and Remanding for Further Proceedings. ECF No. 33. On May 20, 2023, the parties stipulated–with the approval of the district court–for Counsel to receive an award of attorneys' fees for $10,300 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 36.

On remand, Plaintiff received a favorable hearing decision granting her application for benefits. ECF No. 37 at 2.

Pursuant to the terms of her contingency fee agreement with Counsel, Plaintiff agreed to pay Counsel a fee up to 25% of her past-due benefits if her social security appeal was successful. ECF Nos. 37 at 2, 38-1 at 1. Plaintiff also agreed that any EAJA fees awarded would offset any amount of fees owed to Counsel. ECF No. 38-1 at 3.

In July of 2023, Plaintiff received a Notice of Award from the SSA. ECF Nos. 37 at 2, 37-3. The Notice of Award indicates that the SSA withheld 25% of Plaintiff's past-due benefits, $38,083.25, for purposes of paying attorneys' fees. ECF No. 37-3 at 3.

On August 7, 2023, Counsel filed the instant Petition. Counsel asserts that, pursuant to her contingency fee agreement with Plaintiff, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $28,000. ECF No. 37 at 1. Counsel indicates that, if the Court grants the Petition, she will reimburse Plaintiff for the previously awarded $10,300 in EAJA fees. ECF No. 37 at 9.

The Petition includes a declaration from Counsel, in which she indicates that when she informed Plaintiff of the Petition, Plaintiff agreed with Counsel's requested relief. ECF No 37-1 at 2. Defendant filed a Statement of No Position on the Petition. ECF No. 39.

DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and §406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)). The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable.

3

*Id.* at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results of the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08. "A fee resulting front a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would result in a windfall." *Crawford*, 586 F.3d at 1148, 1151 (quoting *Gisbrecht*, 535 U.S. at 806, 808).

The Court has carefully reviewed the Petition and finds that Counsel has met her burden in demonstrating that the requested fees are reasonable. Pursuant to the fee agreement, Plaintiff agreed to pay Counsel 25% of any past-due benefits resulting from a favorable disability claim. ECF No 38-1 at 1. Counsel's request

for $28,000.00 represents less than the statutory maximum 25% of past-due benefits awarded to Plaintiff, which would be $38,083.25.  ECF No. 37-3 at 3.

Counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving substantial past-due benefits.  The Court thus finds no reason to reduce fees for substandard performance.  In addition, there is no evidence that Counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

Moreover, the Court finds that reduction is not necessary to prevent Counsel from receiving a windfall.  In her declaration in support of the Petition, Counsel indicates that she spent 51.5 hours litigating this case.  ECF No. 37-1 at 2 ¶ 10.  Dividing the fees requested by the hours spent results in an hourly rate of $543.60.  Courts in this circuit have regularly awarded fees with hourly rates exceeding $1,000 in similar cases.  *See Brazile v. Comm'r of Soc. Sec.*, CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simply hourly rate basis in inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss").  The Court finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

5

The Court thus further finds that Counsel's request for $28,000 in attorneys' fees is reasonable.

## CONCLUSION

Based upon the foregoing, the Court the Court FINDS AND RECOMMENDS that the district court GRANT the Petition and award Counsel $28,000 in attorneys' fees in accordance with 42 U.S.C. § 406(b). The Court further FINDS AND RECOMMENDS that the district court order Counsel to pay Plaintiff the previously awarded EAJA fees in the amount of $10,300.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 21, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*Kennedy v. Kijakazi*, Civil No. 20-00412 LEK-KJM; Findings and Recommendation to Grant Petition for 406(b) Fees